OPINION
The defendant-appellant, Rafael O. Carrillo, III ("the appellant"), appeals from the judgment of sentence of the Putnam County Court of Common Pleas. For the following reasons, we affirm.
The pertinent facts and procedural history of the case are as follows. On the evening of June 26, 1999, the appellant, along with two accomplices, burglarized a home in Henry County, Ohio. One of the items stolen from the home was a handgun. Later that evening, the men burglarized a second home in Putnam County, Ohio. The latter home invasion was thwarted, however, by the homeowners' son. While fleeing the scene, gunshots were fired by one of the men that had committed the burglaries.
In January, 2000, the appellant was indicted by the Putnam County Grand Jury on one count of aggravated robbery, pursuant to R.C. 2911.01(A)(1), and one count of aggravated burglary, pursuant to R.C. 2911.11(A)(1). The indictment also contained a firearm specification pursuant to R.C. 2941.141. The indictment stemmed from the burglary of the home in Putnam County.
Pursuant to a negotiated plea agreement, the appellant pleaded guilty on February 16, 2000, to one count of aggravated burglary. In exchange for the appellant's guilty plea, the aggravated robbery charge and firearm specification were dismissed by the State.
The trial court accepted the appellant's guilty plea, found him guilty of the offense, and sentenced him to the maximum sentence. The trial court ordered the appellant's sentence to run consecutive to the sentence imposed for the appellant's conviction resulting from the burglary in Henry County, Ohio.
The appellant now appeals, asserting two assignments of error for our review.
 Assignment of Error No. I
The trial court committed an error of law by imposing the maximum sentence contrary to R.C. 2929.14(C) and R.C.2953.08(A)(1)(b).
In his first assignment of error, the appellant maintains the trial court erred in imposing upon him the maximum sentence. Specifically, the appellant maintains the trial court failed to make the required findings prior to sentencing him to the maximum sentence. For the following reasons, we do not agree.
With respect to felony sentencing, R.C. 2953.08(G)(1) allows a reviewing court to vacate a sentence and remand it to the trial court for resentencing only if the appellate court finds, by clear and convincing evidence, that "(a) the record does not support the sentence; * * * [or] (d) [t]hat the sentence is otherwise contrary to law."
This Court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.14, and 2929.19 which in effect, determine a particular sentence and that a sentence unsupported by these findings is both incomplete and invalid." State v. Bonanno (June 24, 1999), Allen App. No 1-98-59 and 1-98-60, unreported; see, also, State v. Martin (June 23, 1999), Allen App. No. 1-98-81, unreported. A trial court must strictly comply with the relevant sentencing statutes by making such findings on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence. Bonanno, supra, at 6.
In the case herein, the appellant pleaded guilty to one count of aggravated burglary, a felony of the first degree. See R.C.2911.11(B). A trial court may impose a term of imprisonment of three to ten years for a felony of the first degree. See R.C.2929.14(A)(1). The appellant was sentenced to the maximum term of imprisonment of ten years.
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to a maximum sentence. R.C. 2929.14(C) states, as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Pursuant to R.C. 2929.19(B)(2)(d), when a maximum sentence is imposed under R.C. 2929.14, the trial court also must set forth its reasons for imposing the maximum sentence.
In the case herein, a review of the transcript of the sentencing hearing reveals the trial judge did find, on the record, that the appellant had committed the worst form of the offense. The transcript of the hearing also reveals the trial court considered the seriousness and recidivism factors of R.C.2929.12 in support of its decision to impose the maximum sentence. Having thoroughly reviewed the record in this matter, we cannot say, by clear and convincing evidence, the record does not support the maximum sentence. For all of the foregoing reasons, we find no merit to the appellant's first assignment of error.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 Assignment of Error No. II
The trial court committed an error of law by imposing a consecutive sentence contrary to R.C. 2929.14(E)(4) and R.C. 2953.08(C).
In his second assignment of error, the appellant maintains the trial court erred in sentencing him to consecutive sentences. Specifically, the appellant maintains the trial court failed to make the required findings prior to sentencing him to consecutive sentences. For the following reasons, we do not agree.
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C. 2929.14(E)(4)(b) states, as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
Pursuant to R.C. 2929.19(B)(2)(c), when consecutive sentences are imposed under R.C. 2929.14, the trial court also must set forth its reasons for imposing consecutive sentences.
In the case herein, a review of the transcript of the sentencing hearing reveals the trial judge did find, on the record, that the imposition of consecutive sentences was necessary to protect the public from future crime. Furthermore, the trial judge found that the imposition of consecutive sentences was not disproportionate to the seriousness of the appellant's conduct and to the danger he posed to the public.[1] The trial judge also noted that the harm caused by the appellant's offenses was so great that no single prison term for either of the offenses could adequately reflect the seriousness of his conduct. Therefore, the trial judge complied with the statutory requirements of R.C.2929.14(E)(4) in sentencing the appellant to consecutive terms of imprisonment. The trial judge also considered the seriousness and recidivism factors of R.C. 2929.12 in support of its decision to impose consecutive terms of imprisonment. Having thoroughly reviewed the record in this matter, we cannot say, by clear and convincing evidence, the record does not support the imposition of consecutive sentences.
For all of the foregoing reasons, we find no merit to the appellant's second assignment of error. Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the court.
 __________________________ HADLEY, P.J.
 SHAW and WALTERS, JJ., concur.
[1] We also find that the offenses were committed as a single course of conduct.